| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF GUILFORD | 08-CvS-2670 |

Lawrence Alexander Jr., Ellis Allen, Mitchell Alston, Frances R. Banks, Ahmed Blake, Michael O. Brodie, Kevin E. Chandler, Charles E. Cherry, Ernest Cuthbertson, Darrin Davis, Steven A. Evans, William Graves, Milford J. Harris II, Jonathan Heard, Antuan Hinson, Stephen L. Hunter, Brian James, Demetrius W. Johnson, John O. LeGrande, George M. Little, Darrell McDonald, C.L. Melvin, Stacy A. Morton Jr., Willie Parker, Larry Patterson Jr., William A. Phifer, Joseph Pryor, Norman Rankin, Wayne Redfern, Alexander Ricketts, Ronald Rogers, Steven Snipes, Calvin Stevens Jr., Eric Stevenson, Jermeir Jackson-Stroud, Julius Tunstall, Allen Wallace, Frank Young and Michael Wayland Wall,

          Plaintiffs,

v.

The City of Greensboro, David Wray, Former Police Chief of the City of Greensboro, and Randall Brady, Former Deputy Police Chief of the City of Greensboro,

          Defendants.

**COMPLAINT**

The Plaintiffs, Lawrence Alexander Jr., Ellis Allen, Mitchell Alston, Frances R. Banks, Ahmed Blake, Michael O. Brodie, Kevin E. Chandler, Charles E. Cherry, Ernest Cuthbertson, Darrin Davis, Steven A. Evans, William Graves, Milford J. Harris II, Jonathan Heard, Antuan Hinson, Stephen L. Hunter, Brian James, Demetrius W. Johnson, John O. LeGrande, George M.

Little, Darrell McDonald, C.L. Melvin, Stacy A. Morton Jr., Willie Parker, Larry Patterson Jr., William A. Phifer, Joseph Pryor, Norman Rankin, Wayne Redfern, Alexander Ricketts, Ronald Rogers, Steven Snipes, Calvin Stevens Jr., Eric Stevenson, Jermeir Jackson-Stroud, Julius Tunstall, Allen Wallace, Frank Young and Michael Wayland Wall, (collectively referred to as "the Plaintiffs"), complaining of the Defendant, The City of Greensboro, (the "Defendant"), alleges and says:

1. This is a claim for breach of contract and discrimination on the basis of race.

2. Jurisdiction is conferred on this Court.

## Venue

3. Venue is proper.

## Parties

4. Plaintiff, Lawrence Alexander Jr., is a citizen and resident of Guilford County, North Carolina.

5. Plaintiff, Ellis Allen, is a citizen and resident of Guilford County, North Carolina.

6. Plaintiff, Mitchell Alston, is a citizen and resident of Guilford County, North Carolina.

7. Plaintiff, Frances R. Banks, is a citizen and resident of Guilford County, North Carolina.

8. Plaintiff, Ahmed Blake, is a citizen and resident of Guilford County, North Carolina.

9. Plaintiff, Michael O. Brodie, is a citizen and resident of Guilford County, North Carolina.

10. Plaintiff, Kevin E. Chandler, is a citizen and resident of Guilford County, North Carolina.

11. Plaintiff, Charles E. Cherry, is a citizen and resident of Guilford County, North Carolina.

12. Plaintiff, Ernest Cuthbertson, is a citizen and resident of Guilford County, North Carolina.

13. Plaintiff, Darrin Davis, is a citizen and resident of Guilford County, North Carolina.

14. Plaintiff, Steven A. Evans, is a citizen and resident of Guilford County, North Carolina.

15. Plaintiff, William Graves, is a citizen and resident of Guilford County, North Carolina.

16. Plaintiff, Milford J. Harris II, is a citizen and resident of Guilford County, North Carolina.

17. Plaintiff, Jonathan Heard, is a citizen and resident of Guilford County, North Carolina.

18. Plaintiff, Antuan Hinson, is a citizen and resident of Guilford County, North Carolina.

19. Plaintiff, Stephen L. Hunter, is a citizen and resident of Guilford County, North Carolina.

20. Plaintiff, Brian James, is a citizen and resident of Guilford County, North Carolina.

21. Plaintiff, Demetrius W. Johnson, is a citizen and resident of Guilford County, North Carolina.

22. Plaintiff, John O. LeGrande, was, during relevant times, a citizen and resident of Guilford County, North Carolina.

23. Plaintiff, George M. Little, is a citizen and resident of Guilford County, North Carolina.

24. Plaintiff, Darrell McDonald, is a citizen and resident of Guilford County, North Carolina.

25. Plaintiff, C.L. Melvin, is a citizen and resident of Guilford County, North Carolina.

26. Plaintiff, Stacy A. Morton Jr., is a citizen and resident of Guilford County, North Carolina.

27. Plaintiff, Willie Parker, was during times relevant to the underlying matter, a citizen and resident of Guilford County, North Carolina.

28. Plaintiff, Darryl Stevenson, is a citizen and resident of Guilford County, North Carolina.

29. Plaintiff, Larry Patterson Jr., is a citizen and resident of Guilford County, North Carolina.

30. Plaintiff, William A. Phifer, is a citizen and resident of Guilford County, North Carolina.

31. Plaintiff, Joseph Pryor, is a citizen and resident of Guilford County, North Carolina.

32. Plaintiff, Norman Rankin, is a citizen and resident of Guilford County, North Carolina.

33. Plaintiff, Wayne Redfern, is a citizen and resident of Guilford County, North Carolina.

34. Plaintiff, Alexander Ricketts, is a citizen and resident of Guilford County, North Carolina.

35. Plaintiff, Ronald Rogers, is a citizen and resident of Guilford County, North Carolina.

36. Plaintiff, Steven Snipes, was during times relevant to the underlying matter, a citizen and resident of Guilford County, North Carolina.

37. Plaintiff, Calvin Stevens Jr., is a citizen and resident of Guilford County, North Carolina.

38. Plaintiff, Eric Stevenson, is a citizen and resident of Guilford County, North Carolina.

39. Plaintiff, Jermeir Jackson-Stroud, is a citizen and resident of Guilford County, North Carolina.

40. Plaintiff, Julius Tunstall, is a citizen and resident of Guilford County, North Carolina.

41. Plaintiff, Allen Wallace, is a citizen and resident of Guilford County, North Carolina.

42. Plaintiff, Frank Young, is a citizen and resident of Guilford County, North Carolina.

43. Plaintiff, Michael Wayland Wall, is a citizen and resident of Guilford County, North Carolina.

44. Defendant, City of Greensboro, ("Defendant Greensboro") is a municipality in the State of North Carolina.

45. Upon information and belief, Defendant, David Wray, ("Defendant Wray") is currently a citizen and resident of the State of Tennessee. At all relevant times herein mentioned, Defendant Wray was acting in his capacity as Chief of Police of the City of Greensboro, North Carolina.

46. Upon information and belief, Defendant, Randall Brady, ("Defendant Brady") is a citizen and resident of Guilford County, North Carolina. At all relevant times herein mentioned, Defendant Brady was acting in his capacity as Deputy Police Chief of the City of Greensboro, North Carolina.

## Factual Allegations

47. All Plaintiffs are African American, and at all relevant times employed by the Defendant Greensboro as Police Officers through the City of Greensboro Police Department.

48. All Plaintiffs were employed by the Defendant Greensboro when Defendant Wray was promoted to the position of Chief of Police and Defendant Brady was promoted to the position of Deputy Police Chief.

49. After Defendant Wray became Police Chief and Defendant Brady became Deputy Police Chief, they directed subordinate officers to gather pictures of black officers for the use of line-up books, or other visuals aides for the purpose of framing, embarrassing, and wrongfully charging black officers with crimes, offenses and violations of both law and police policies.

50. Upon information and belief, Plaintiffs believe that their photos were included in at least one version of the line-up books or visual aides.

51. In addition, all Defendants caused black officers of the Greensboro Police Department, including the Plaintiffs, to be investigated by the Special Investigation Division ("SID") instead of the Criminal Investigation Division ("CID") which only investigated white officers.

52. The activities of certain officers within SID at the direction of the Defendants, in pursuing unsubstantiated charges against black officers, including Plaintiffs, created an atmosphere of fear, distrust, and suspicion and undermine the morale of the Greensboro Police Department.

53. Said activities represent a pattern of malicious and willful acts on the part of the Defendants to manufacture and make known improper allegations against the Plaintiffs in an effort to ruin their careers and reputations. All of this was done solely on the basis of race.

54. All of the activities referred to in the Complaint were performed by, or at the direction of the Defendants Wray and Brady, while said Defendants were acting within the course and scope of their employment on behalf of the Defendant Greensboro.

55. On or about March 4, 2008, in an effort to resolve the matters created by the racially motivated actions of the Defendants, the Acting Greensboro City Attorney, drafted and required the Plaintiffs and the Defendant Greensboro to sign a Stipulation of Confidentiality between the parties, (the "Agreement").

56. Through the Agreement, the Plaintiffs and the Defendant Greensboro agreed that all discussions related to the resolution of said matters would be held strictly confidential and not disclosed to any third parties for any reason.

57. The Defendant Greensboro was solely responsible for the drafting of the Agreement, as well as the requirement that the Plaintiffs and the Defendant Greensboro sign the Agreement.

58. The Agreement was signed by Plaintiffs and by the City Attorney for the City of Greensboro and the Mayor of Greensboro.

59. The Stipulation reads that "[N]o person who receives any statement or information ... shall disclose it to any non-party for any purpose."

60. On or about October 21, 2008, the Defendant Greensboro, acting through its City Council, held a meeting in closed session to substantively discuss the underlying matters.

61. None of the Plaintiffs' and none of the Plaintiffs' representatives were present at the Closed Session meeting of the Greensboro City Council.

62. In addition, no member, or representative of any media outlet was present during the Closed Session meeting of the Greensboro City Council.

63. On or about November 3, 2008, and as a result of the Closed Session Meeting of the City Council, the Defendant Greensboro submitted a written offer to Plaintiffs seeking to resolve the matters. This written offer contained a specific monetary amount the Defendant Greensboro agreed to pay the Plaintiffs for a complete resolution of the Plaintiffs' matters.

64. On or about November 13, 2008, a weekly newspaper publication with circulation in Greensboro published an article in which it identified all Plaintiffs by name, as well as the specific monetary amount the Defendant was agreeing to provide the Plaintiffs. Said article provided that the information was received as a result of a Public Documents Request.

65. At the time of publishing the article, a public document did not exist which contained the identities of the Plaintiffs in relation to the underlying racially motivated conduct of the Defendants.

66. In addition, at the time of publishing the article, a public document did not exist which contained the specific monetary amount the Defendant Greensboro agreed to pay the Plaintiffs to resolve the matters.

67. Following this November 13, 2008 publication, some members of the Greensboro City Council heard from a lot of their constituents, who were not happy about the Defendant Greensboro paying the Plaintiffs the monetary sum it had agreed to pay.

68. On or about November 18, 2008, the Plaintiffs informed the City Attorney for Defendant Greensboro that the November 3, 2008 offer of resolution was being considered and a meeting was taking place on November 19, 2008 to complete any discussion about the offer of

resolution.

69. On or about that same day, the Greensboro City Council held a meeting in which numerous members of the public expressed their disappointment with the monetary amount the Defendant agreed to provide the Plaintiffs.

70. Following the Open Session of the November 19, 2008 Greensboro City Council Meeting, a Closed Session was held by the Council Members, excluding the Mayor.

71. During this Closed Session, the Defendant, acting through its City Council, attempted to rescind the entire offer of resolution to the Plaintiffs.

72. On or about November 19, 2009, around 9:00 am, the City Attorney for the Defendant Greensboro informed Counsel for the Plaintiffs' of the Defendant Greensboro's attempted rescission of its offer of resolution.

73. On or about November 27, 2008, the same weekly newspaper publication published an article entitled "Naming Names Pushes Council Offer Off Table."

74. At the time of publishing the article, a public document did not exist that would provide any evidence of the Greensboro City Council's Closed Session decision to attempt to rescind the Defendant Greensboro's entire offer to resolve the personnel matters with the Plaintiffs.

## Count 1
## Breach of Contract

75. The allegations contained in paragraphs 1 through 74 of the Complaint are realleged and incorporated herein by reference as if fully set forth verbatim.

76. Plaintiffs have performed all conditions and agreements required under the terms of the agreement by not disclosing any information protected by law or by the Agreement.

77. Defendant has failed and refused to perform its part of the agreement when it provided information protected by law and/or the Agreement which it drafted to non-parties to the personnel matters.

78. Defendant, without legal excuse, has failed to perform the promises made which

constitute the substance of the Agreement it drafted.

79. Defendant is not justified in its failure to perform the express promise made by it in the Agreement it drafted.

80. Because of Defendant's failure to perform and unequivocal conduct, Plaintiffs have been damaged in a sum in excess of ten thousand and 00/100 ($10,000.00) dollars.

## Count II
## Discrimination on the Basis of Race

81. The allegations contained in paragraphs 1 through 80 of the Complaint are realleged and incorporated herein by reference as if fully set forth verbatim.

82. By the actions described above, the Defendants subjected the Plaintiffs to discrimination on the basis of their race in violation of federal law, 42 USC §1981, and state law and policy.

83. Similarly situated white officers of the Greensboro Police Department were not treated in this manner.

84. By the racially disparate treatment described above, the Defendants discriminated against the Plaintiffs on the basis of their race with respect to the terms, conditions, privileges of their employment.

85. Similarly situated white officers of the Greensboro Police Department were not treated in this manner.

86. Plaintiffs were subjected to harassment by co-workers and supervisors of the Defendants and suffered adverse employment actions, including but not limited to limited promotional opportunity, as part of this discrimination.

87. The Defendants actions and omissions, in violation of federal and state law, including 42 USC §1981, were undertaken willfully, wantonly and with reckless disregard for the Plaintiffs' rights, entitling the Plaintiffs to compensatory and punitive damages in excess of ten thousand and 00/100 ($10,000.00) dollars.

## Count III
## Conspiracy to Discriminate on the Basis of Race

88. The allegations contained in paragraphs 1 through 87 of the Complaint are realleged and incorporated herein by reference as if fully set forth verbatim.

89. Defendant Wray and Defendant Brady encouraged and promoted discriminatory actions against the Plaintiffs by encouraging the use of the photo line-ups to single out officers, including the Plaintiffs, in adverse employment actions.

90. By the racially disparate actions described above, the Defendants planned and agreed among themselves and with others to discriminate against the Plaintiffs on the basis of their race with respect to the terms, conditions and privileges of their employment.

91. The Defendants created a scheme to discredit the hard work, dedication and professional potential of the Plaintiffs by subjecting them to unfounded investigations and a hostile work environment on the basis of their race.

92. The Defendants actions in conspiring to violate the Plaintiffs employment rights were in violation of federal and state law, including 42 USC §1981.

93. The Defendants actions and omissions, in violation of federal and state law, including 42 USC §1981, were undertaken willfully, wantonly and with reckless disregard for the Plaintiffs' rights, entitling the Plaintiffs to compensatory and punitive damages in excess of ten thousand and 00/100 ($10,000.00) dollars.

## Count IV
## Discrimination in Employment

94. The allegations contained in paragraphs 1 through 93 of the Complaint are realleged and incorporated herein by reference as if fully set forth verbatim.

95. Defendants' conduct as described herein constituted discrimination in employment in violation of public policy, as set forth in North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1 *et seq.*

96. On account of the discrimination in employment, the Plaintiffs have suffered actual damages, including a loss of earnings and benefits, great worry, anxiety, and past and

Page 10 of 11

Case 1:09-cv-00293-TDS-JEP Document 3 Filed 04/17/09 Page 10 of 11

future mental and emotional distress, entitling the Plaintiffs to compensatory and punitive damages in excess of ten thousand and 00/100 ($10,000.00) dollars.

**WHEREFORE**, Plaintiffs respectfully pray this Court as follows:

1. Plaintiffs have and recover judgment against Defendants in the amount in excess of ten thousand and 00/100 ($10,000.00) dollars for compensatory damages;

2. Plaintiffs have and recover judgment against Defendants in the amount in excess of ten thousand and 00/100 ($10,000.00) dollars for punitive damages;

3. Plaintiffs have and recover judgment against Defendants interest at the contract rate until paid plus court costs;

4. To the extent allowed, Plaintiffs have and recover judgment against Defendant for Plaintiffs' reasonable attorney's fees;

5. Plaintiffs have and recover from Defendant the costs of this action; and

6. For such other and further relief as the Court deems just and proper.

This the 9th day of January 2009.

_____
Jason A. Knight

_____
Kenneth A. Free, Jr.

*Attorneys for Plaintiffs*

**OF COUNSEL:**

**KNIGHT & FREE, PLLC**
232 West Market Street
Greensboro, North Carolina 27401
Telephone Number: (336)279-8915
Facsimile Number: (336)279-8914