```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


LAWRENCE ALEXANDER, JR., et al.,   )
                                   )
          Plaintiffs,              )
                                   )
   v.                              )      1:09-CV-00293
                                   )
THE CITY OF GREENSBORO, et al,     )
                                   )
          Defendants.              )
_____)
                                   )
LAWRENCE ALEXANDER, JR., et al.,   )
                                   )
          Plaintiffs,              )
                                   )
   v.                              )      1:09-CV-00934
                                   )
THE CITY OF GREENSBORO,            )
                                   )
          Defendant.               )
_____)
```

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court are several assorted motions. Defendant City of Greensboro (the "City") has filed three motions to seal documents attached to various briefs. (Docs. 101, 124, and 184 in case 1:09CV934.) Defendants David Wray, Randall Brady, and Scott Sanders (the "GPD Defendants") move to seal documents submitted in connection with a motion to exclude expert testimony. (Doc. 175 in case 1:09CV293 (motion to seal); Doc. 172 in case 1:09CV293 (motion to exclude expert testimony).) Plaintiffs have also moved to seal certain documents submitted

in connection with their master brief in response to defendants' motion for summary judgment in both above-captioned cases. (Doc. 295 in case 1:09CV293; Doc. 212 in case 1:09CV934.) All motions to seal are unopposed. For all documents, with the exception of six specifically described below, the parties have filed redacted versions on the public record. For the reasons set forth herein, all motions to seal will be granted.

Additionally, several other pretrial motions have been filed by the parties. The City and the GPD Defendants move to exclude expert testimony. (Doc. 172 in case 1:09CV293; Doc. 98 in case 1:09CV934.) All Defendants, including former Greensboro City Councilmember Dr. Trudy Wade, move to sever claims for trial (Docs. 151, 154, and 164 in case 1:09CV293; Doc. 86 in case 1:09CV934.) Plaintiffs also move for leave to deliver discovery materials to Plaintiffs Charles Edward Cherry and Joseph Pryor. (Doc. 274 in case 1:09CV293; Doc. 189 in case 1:09CV934.) As a result of the disposition of Defendants' motions for summary judgment contemporaneously with the entry of the present Memorandum Opinion and Order, all outstanding motions other than the motions to seal are moot and will be denied as such.

I. BACKGROUND

A. Protective Orders

Due to the sensitive nature of some information produced by

the parties in these cases (e.g., personnel and investigative information as to non-parties), the United States Magistrate Judge issued a Stipulated Protective Order (Doc. 120 in case 1:09CV293; Doc. 60 in case 1:09CV934) and a Supplemental Protective Order (Doc 121 in case 1:09CV293; Doc. 61 in case 1:09CV934) on July 23, 2012. The Orders authorized the parties to produce documents that would be protected from disclosure by N.C. Gen. Stat. § 160A-168 (protecting confidential personnel records of municipal employees) and N.C. Gen. Stat. § 132-1.4 (protecting records of criminal investigations by public law enforcement agencies). The Supplemental Protective Order directed the parties to limit the amount of information filed under seal by excluding such confidential information from court filings. (Doc. 121 in case 1:09CV293 at 3; Doc. 61 in case 1:09CV934 at 3.) It also required the parties to seek leave of court to file a brief or exhibit under seal. (Doc. 121 in case 1:09CV293 at 2; Doc. 61 in case 1:09CV934 at 2.)

 **B. Motions to Seal**

  **1. Plaintiffs' motions to seal**

Plaintiffs have submitted two versions of a brief and accompanying exhibits in response to defendants' motions for summary judgment: an un-redacted version, which plaintiffs' seek to have sealed (Doc. 212 in case 1:09CV293; Doc. 134 in case 1:09CV934); and a redacted version for the public record (Doc.

282 in case 1:09CV293; Doc. 198 in case 1:09CV934). Plaintiffs seek to seal the entirety of the un-redacted brief and exhibits, as well as some appendices submitted pursuant to this court's August 5, 2013 briefing order. (Doc. 170 in case 1:09CV293; Doc. 97 in case 1:09CV934.) Plaintiffs filed the brief and exhibits under seal without leave of court, in violation of the Protective Orders, and subsequently filed redacted versions of their original submissions.

Plaintiffs seek to seal the following 28 un-redacted documents:[1] (1) their master brief in response to defendants' motions for summary judgment (Doc. 212; Doc. 134); (2) Exhibit A (Doc. 251; Doc. 172); (3) Exhibit B (Doc. 251-1; Doc. 172-1); (4) Exhibit E (Doc. 251-4; Doc. 172-4); (5) Exhibit F (Doc. 251-5; Doc. 172-5); (6) Exhibit G (Doc. 251-6; Doc. 172-6); (7) Exhibit J (Doc. 251-9; Doc. 172-9); (8) Exhibit K (Doc. 251-10; Doc. 172-10); (9) Exhibit M (Doc. 251-12; Doc. 172-12); (10) Exhibit O (Doc. 251-14; Doc. 172-14); (11) Exhibit P (Doc. 251-15; Doc. 172-15); (12) Exhibit Q (Doc. 251-16; Doc. 172-16); (13) Exhibit R (Doc. 251-17; Doc. 172-17); (14) Exhibit T (Doc. 251-19; Doc. 172-19); (15) Exhibit U (Doc. 251-20; Doc. 172-20); (16) Exhibit V (Doc. 256; Doc. 176); (17) Appendix for Plaintiff Ahmed Blake (Doc. 219; Doc. 141); (18) Appendix for Plaintiff

---

[1] For this entire paragraph, the first-listed document references case 1:09CV293 and the second-listed document references case 1:09CV934.

Michael O. Brodie (Doc. 221; Doc. 143); (19) Appendix for Plaintiff Cherry;[2] (20) Appendix for Plaintiff Ernest Cuthbertson (Doc. 224; Doc. 146); (21) Appendix for Plaintiff Darrin Davis (Doc. 226; Doc. 148); (22) Appendix for Plaintiff Steven A. Evans (Doc. 227; Doc. 149); (23) Appendix for Plaintiff William Graves (Doc. 229; Doc. 151); (24) Appendix for Plaintiff Jonathan Heard (Doc. 235; Doc. 157); (25) Appendix for Plaintiff Brian James (Doc. 241; Doc. 163); (26) Appendix for Plaintiff Demetrius W. Johnson (Doc. 244; Doc. 166); (27) Appendix for Plaintiff Pryor;[3] and (28) Appendix for Plaintiff Julius Tunstall (Doc. 252; Doc. 173).

Plaintiffs request to seal the above documents and leave the redacted versions as public records. Their basis for sealing the un-redacted documents is that they contain confidential materials under the Protective Orders and N.C. Gen. Stat. §§ 160A-168, 132-1.4, as well as other information such as the identities of confidential police informants and the names of alleged sexual assault victims that are not necessary to the disposition of the pending summary judgment motions.

---

[2] Though Plaintiffs included the Appendix for Plaintiff Cherry in their motion, no un-redacted version of this appendix was ever filed. Therefore, the motion will be considered moot as to this document.

[3] Though Plaintiffs included the Appendix for Plaintiff Pryor in their motion, no un-redacted version of this appendix was ever filed. Therefore, the motion will be considered moot as to this document.

5

**2. City's motions to seal**

The City has filed three separate motions to seal. In the first motion (Doc. 101 in case 1:09CV934), the City seeks to seal Exhibits E (Doc. 100 in case 1:09CV934) and F (Doc. 100-1 in case 1:09CV934) to its brief in support of its motion to exclude expert testimony. No redacted versions were filed because, according to the City, the documents "contain extensive confidential information such that redacting the documents would render them virtually unreadable." (Doc. 101 in case 1:09CV934 ¶ 5.) Exhibit E entirely pertains to an internal investigation conducted by the Greensboro Police Department ("GPD") and contains non-party personnel records, while Exhibit F is a record of a criminal investigation that includes the names of many non-party City employees and others.

The second motion (Doc. 124 in case 1:09CV934) is to seal the City's un-redacted summary judgment brief and some associated exhibits and appendices filed in accordance with this court's August 5, 2013, briefing order for summary judgment motions. The City included the following 43 documents in this motion (all in case 1:09CV934): (1) its un-redacted summary judgment brief (Doc. 106); (2) Exhibit 3 (Doc. 107); (3) Exhibit 4 (Doc. 107-1); (4) Exhibit 6 (Doc. 107-2); (5) Exhibit 10 (Doc. 107-3); (6) Exhibit 12 (Doc. 107-4); (7) Exhibit 15 (Doc. 107-5); (8) Exhibit 20 (Doc. 107-6); (9) Exhibit 23 (Doc. 107-7);

(10) Exhibit 30 (Doc. 107-9);[4] (11) Exhibit 31 (Doc. 107-10); (12) Exhibit 33 (Doc. 107-11);[5] (13) Exhibit 34 (Doc. 107-12); (14) Exhibit 35 (Doc. 107-13);[6] (15) Exhibit 38 (Doc. 107-14); (16) Exhibit 43 (Doc. 107-15); (17) Exhibit 45 (Doc. 107-16); (18) Exhibit 53 (Doc. 107-17);[7] (19) Appendix for Plaintiff Ellis Allen (Doc. 110-1); (20) Appendix for Plaintiff Frances R. Banks (Doc. 110-2); (21) Appendix for Plaintiff Brodie (Doc. 110-3); (22) Appendix for Plaintiff Kevin E. Chandler (Doc. 110-4); (23) Appendix for Plaintiff Cherry (Doc. 113-1); (24) Appendix for Plaintiff Cuthbertson (Doc. 111-1); (25) Appendix for Plaintiff Davis (Doc. 110-5); (26) Appendix for Plaintiff Graves (Doc. 117-1); (27) Appendix for Plaintiff Milford J. Harris (Doc. 119-2); (28) Appendix for Plaintiff Heard (Doc. 113-2); (29) Appendix for Plaintiff Stephen L. Hunter (Doc. 111-2); (30) Appendix for Plaintiff James (Doc. 117-2); (31) Appendix for Plaintiff Johnson (Doc. 113-3); (32) Appendix for Plaintiff John O. LeGrande (Doc. 119-3); (33) Appendix for Plaintiff George M.

---

[4] The City requests that the entirety of this document, which deals with a criminal investigation of a non-party, be sealed.

[5] The City requests that the entirety of this document, which contains lineups used in a criminal investigation, be sealed.

[6] The City requests that the entirety of this document, which contains non-party personnel information and details regarding the internal structure of GPD investigations, be sealed.

[7] The City requests that the entirety of this document, which consists of a recommendation of termination of a non-party GPD officer signed by Brady, be sealed.

7

Little (Doc. 119-4); (34) Appendix for Plaintiff Darrell McDonald (Doc. 115-1); (35) Appendix for Plaintiff Stacey A. Morton, Jr., (Doc. 119-5); (36) Appendix for Plaintiff William A. Phifer (Doc. 121-1); (37) Appendix for Plaintiff Pryor (Doc. 115-6); (38) Appendix for Plaintiff Norman Rankin (Doc. 113-4); (39) Appendix for Plaintiff Ronald Rogers (Doc. 115-2); (40) Appendix for Plaintiff Calvin Stevens, Jr., (Doc. 115-3); (41) Appendix for Plaintiff Eric Stevenson (Doc. 115-4); (42) Appendix for Plaintiff Tunstall (Doc. 115-5); (43) Appendix for Plaintiff Allen Wallace (Doc. 123-1).[8]

The third motion to seal (Doc. 184 in case 1:09CV934) was filed in connection with the City's reply brief. The City once again filed redacted versions of all documents for public record. It requests that the following 27 un-redacted documents remain sealed (all in case 1:09CV934): (1) the City's reply brief (Doc. 181); (2) Exhibit A (Doc. 181-1); (3) Exhibit D (Doc. 181-2); (4) Exhibit K (Doc. 181-3); (5) Exhibit L (Doc. 181-4); (6) Exhibit M (Doc. 181-5); (7) Exhibit N (Doc. 181-6); (8) Exhibit P (Doc. 181-7); (9) Exhibit R (Doc. 181-8); (10)

---

[8] As to the Appendix for Plaintiff Wallace, the City requests that the court consider the version filed under seal at Doc. 123-1 and strike the document initially filed under seal at Doc. 111-4. The court grants this request, and Doc. 111-4 in case 1:09CV934 will be struck from the docket. The City also requests the court to strike Doc. 109-3, the original appendix filed as to Plaintiff Wall, and instead consider Doc. 111-3. However, the City withdrew its request to seal this appendix. The court grants the request, and Doc. 109-3 in case 1:09CV934 will be struck from the docket.

8

Exhibit S (Doc. 181-9); (11) Exhibit T (Doc. 181-10); (12) Exhibit U (Doc. 181-11); (13) Exhibit V (Doc. 181-12); (14) Exhibit X (Doc. 181-13); (15) Appendix for Plaintiff Allen (Doc. 183-1); (16) Appendix for Plaintiff Brodie (Doc. 183-2); (17) Appendix for Plaintiff Cherry (Doc. 183-3); (18) Appendix for Plaintiff Cuthbertson (Doc. 183-4); (19) Appendix for Plaintiff Davis (Doc. 183-5); (20) Appendix for Plaintiff Graves (Doc. 183-6); (21) Appendix for Plaintiff Heard (Doc. 183-7); (22) Appendix for Plaintiff LeGrande (Doc. 183-8); (23) Appendix for Plaintiff Little (Doc. 183-9); (24) Appendix for Plaintiff Rankin (Doc. 183-10); (25) Appendix for Plaintiff Alexander Ricketts (Doc. 183-11); (26) Appendix for Plaintiff Stevenson (Doc. 183-12); (27) Appendix for Plaintiff Wallace (Doc. 183-13).

The City moves to seal the un-redacted versions (with the exception of the four documents noted above at footnotes 4 through 7) because the redacted portions contain non-party personnel information, criminal investigation records, and the identities of alleged sexual assault victims and confidential police informants.

### 3. GPD Defendants' motion to seal

The GPD Defendants' motion to seal mirrors the City's first motion and concerns the same documents — Exhibits E and F

attached to the motion to exclude expert testimony – but in case 1:09CV293. (Docs. 174-1 and 174-2.)

**II. ANALYSIS**

**A. Exhibits to Expert Testimony Motions**

While the common law presumption in favor of access attaches to all "judicial records and documents," the First Amendment guarantee of access has been extended only to particular judicial records and documents. <u>Stone v. Univ. of Md. Med. Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988) (quoting <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 597 (1978)). At common law, the presumption of access may be rebutted "if countervailing interests heavily outweigh the public interests in access" and the opposing party "shows some significant interest that outweighs the presumption." <u>Va. Dep't of State Police v. Wash. Post</u>, 386 F.3d 567, 575 (4th Cir. 2004); <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988). Under the First Amendment, a denial of access "must be necessitated by a compelling government interest and narrowly tailored to serve that interest." <u>Rushford</u>, 846 F.2d at 253.

The Fourth Circuit has never determined what level of scrutiny district courts should apply when considering motions to seal documents attached to non-dispositive pretrial motions; three are possible: Federal Rule of Civil Procedure 26(c)'s "good cause" standard; the common law presumption of access; or

the First Amendment "compelling interest" test. See <u>Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.</u>, No. 1:05CV955, 2011 WL 2413404, at *5-6 (M.D.N.C. June 10, 2011) (collecting authority from other circuits but declining to decide which standard applies); <u>Minter v. Wells Fargo Bank, N.A.</u>, 258 F.R.D. 118, 122 (D. Md. 2009) (opining that Fourth Circuit precedent appears to favor applying the First Amendment to non-dispositive motions, but declining to decide and holding that the defendant failed to satisfy even the common law standard).

The court need not decide which standard applies in this case, however, because the City and the GPD Defendants have met their burden even under the First Amendment standard. The documents sought to be sealed in this motion are confidential under North Carolina law. N.C. Gen. Stat. § 160A-168 (protecting confidential personnel records of municipal employees); N.C. Gen. Stat. § 132-1.4 (protecting records of criminal investigations by public law enforcement agencies). Exhibit E consists, almost in its entirety, of confidential personnel information. Exhibit F is a record from a criminal investigation conducted by GPD, which contains the names of several non-party City employees and others. A compelling governmental interest exists to keep these documents confidential, as evidenced by North Carolina's strong policy promoting the privacy of documents such as these. See, e.g.,

11

Stone, 855 F.2d at 181 (where state statute prohibits discoverability of certain records, district courts should first determine if the records at issue are covered by the statute, then determine whether the right of access nevertheless outweighed the state's public policy); Jaufre ex rel. Jaufre v. Taylor, 351 F. Supp. 2d 514, 516–17 (E.D. La. 2005) (state statute providing that records of juvenile court proceedings are confidential may constitute compelling interest); Johnson v. Balt. City Police Dep't, Civ. A. No. ELH–12–2519, 2013 WL 497868, at *3 (D. Md. Feb. 7, 2013) (assuming without deciding that state's interest in confidentiality of personnel records, as evidenced by state statute, is compelling, but denying motion to seal because it was not narrowly tailored and the court was "convinced that redaction of the comparator officers' personnel records would provide sufficient protection of confidentiality interests"). The request to seal these documents is narrowly tailored; Exhibit E is an excerpt of a larger document, and both documents would be useless if redacted to remove confidential information. Moreover, the motions to seal these documents are unopposed by Plaintiffs or any other interested party and were filed on August 3 and August 12, 2013, respectively. Therefore, the City and the GPD Defendants' motions to seal Exhibits E and F will be granted.

### B. Summary Judgment Briefs and Exhibits

It is unquestioned that the public has a First Amendment right to access documents filed in connection with a motion for summary judgment in a civil case. Rushford, 846 F.2d at 253; Va. Dep't of State Police, 386 F.3d at 578. Here, the parties assert that the un-redacted documents contain confidential non-party personnel information, criminal investigation information, information regarding police informants, and the names of alleged sexual assault victims. With just four exceptions, the parties have filed redacted versions of the documents subject to these motions in the public record.

As discussed above, N.C. Gen. Stat. § 160A-160 and N.C. Gen. Stat. § 132-1.4 are evidence of a strong public policy in North Carolina in favor of privacy with respect to particularly sensitive personnel and criminal investigation records. A compelling interest exists for keeping such information out of the public record. There is also a compelling governmental interest in maintaining the confidentiality of police informants. See In re Application of N.Y. Times Co. for Access to Certain Sealed Court Records, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (citing Roviaro v. United States, 353 U.S. 53, 59 (1957)). Names of alleged sexual assault victims "serve no useful public or investigative purpose." Wilmink v. Kanawha Cnty. Bd. of Educ., Civ. A. No. 2:03-0179, 2006 WL 456021, at *3 (S.D. W. Va.

13

Feb. 23, 2006) (limited redaction of names and other personal information of alleged sexual abuse victims was narrowly tailored to satisfy a compelling governmental interest).

With respect to the documents filed along with an un-redacted duplicate, the court has compared the redacted and un-redacted versions of all the documents at issue. All of the redacted material relates to one of the four categories identified by the parties (personnel information, criminal investigation records, and sexual assault victim and criminal informant identities), and none of it relates to material relevant to the disposition of the pending motions for summary judgment in these cases. The limited redactions by the parties are narrowly tailored to protect compelling privacy interests without depriving the public access to information essential in deciding the pending motions. Cf. Bayer Cropscience Inc. v. Syngenta Crop Protection, LLC, No. 1:13-CV-316, 2013 WL 5703212, at *3 (M.D.N.C. Oct. 17, 2013). Moreover, the parties and the public had ample opportunity to respond to these motions and declined to do so. Therefore, the motions to seal the un-redacted documents in connection with Plaintiffs' master summary judgment response brief, the City's summary judgment brief, and the City's reply brief will be granted.[9]

---

[9] Plaintiffs Cherry and Pryor have also filed redacted and un-redacted versions of their own *pro se* brief. (Docs. 131 and 130, respectively,

The court will also grant the motion with respect to the four documents the City wishes to seal in their entirety, without providing redacted versions for the public record. See supra nn.4-7. The court has carefully reviewed the documents, which are described in the notes above, and concludes that, much like Exhibits E and F to the motions to exclude expert testimony, the documents would be essentially unreadable if the confidential information were redacted. Because the documents consist almost entirely of confidential personnel records or records of criminal investigations, a compelling governmental interest in nondisclosure exists. No means short of sealing the entire documents would adequately protect the privacy interests asserted.

C.  **Other Motions**

Plaintiffs' brief in response to Defendants' summary judgment briefs was due on September 5, 2013. However, on September 4 and 5, 2013, Plaintiffs Cherry and Pryor discharged their counsel, and on September 5 filed their own purported *pro se* brief. On September 18, 2013, before the court allowed counsel to withdraw, Plaintiffs' counsel filed the present

---

in case 1:09CV934.) Cherry and Pryor filed the un-redacted version under seal without leave of court, and have not filed a motion to seal the document. However, the court will seal this document as well to prevent the dissemination of confidential information. If the un-redacted document were left on the public record, the sealing of the other un-redacted documents in these cases would have no effect and the confidential information would become public record despite this order.

motions for leave to deliver discovery materials to Cherry and Pryor in light of the fact their clients had dismissed them (Doc. 274 in case 1:09CV293; Doc. 189 in case 1:09CV934).

On November 7, 2013, Cherry and Pryor retained new counsel, who made an appearance in the cases. Therefore, the *raison d'etre* for the motions no longer exists, and the motions will therefore be denied as moot. They are also mooted by the court's entry of summary judgment contemporaneous with this Memorandum Opinion and Order.

The remaining motions are the City and the GPD Defendants' motion to exclude expert testimony (Doc. 172 in case 1:09CV293; Doc. 98 in case 1:09CV934) and Defendants' motions to sever claims for trial (Docs. 151, 154, and 164 in case 1:09CV293; Doc. 86 in case 1:09CV934). In light of this court's Order granting defendants' motions for summary judgment in these cases issued contemporaneously with this Memorandum Opinion and Order, these pretrial motions are now moot and will be denied as such.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the motions to seal the above-listed documents (Docs. 175 and 295 in case 1:09CV293; Docs. 101, 124, 184, and 212 in case 1:09CV934) are GRANTED.

IT IS FURTHER ORDERED that the City's request to strike Doc. 111-4 and Doc. 109-3 in case 1:09CV934 from the docket is GRANTED.

IT IS FURTHER ORDERED that Doc. 130 in case 1:09CV934 be SEALED.

IT IS FURTHER ORDERED that the City and the GPD Defendants' motion to exclude expert testimony (Doc. 172 in case 1:09CV293; Doc. 98 in case 1:09CV934), Defendants' motions to sever claims for trial (Docs. 151, 154, and 164 in case 1:09CV293; Doc. 86 in case 1:09CV934), and Plaintiffs' motion for leave to deliver discovery materials to Plaintiffs Charles Edward Cherry and Joseph Pryor (Doc. 274 in case 1:09CV293; Doc. 189 in case 1:09CV934) are DENIED AS MOOT.

                                        /s/   Thomas D. Schroeder
                                       United States District Judge

December 18, 2013